UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>LAURA MEJIA,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 21-CR-1404-DMS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A)(i)** |

Defendant Laura Mejia filed a motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 151.) Defendant asks the Court to reduce her sentence to time-served, followed by supervised release with special conditions for mental health counseling and treatment. (*Id.* at 1–2.) The United States opposes Defendant's motion. (ECF No. 157.) For the following reasons, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

On September 3, 2021, Defendant pled guilty to distribution of 55 grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1). (ECF No. 71.) On June 13, 2022, this Court sentenced Defendant to 60 months imprisonment followed by 3 years of supervised release. (ECF No. 143.) On June 23, 2023, Defendant filed the present motion.

(ECF No. 151.) Defendant thereafter filed a supplemental letter, and a reply, in support of her motion. (ECF Nos. 156, 158.) Defendant is presently confined at Federal Correctional Institution Waseca ("FCI Waseca"), and as of the filing of her motion, had served approximately 26 months (or 43%) of her 60-month sentence.

## II.

## DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Rule 35 of the Federal Rules of Criminal Procedure or by statute. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). The First Step Act ("FSA") is such a statute. *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018). Among the criminal justice reforms implemented by the FSA, Congress amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to move a district court for compassionate release after exhausting administrative remedies under the BOP process.

The FSA allows a district court to modify a sentence and grant compassionate release if it finds that "extraordinary and compelling reasons" under United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13 warrant a sentence reduction, and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A). As the movant, Defendant bears the burden of establishing that she is eligible for a sentence reduction. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016). District courts have discretion to determine whether "extraordinary and compelling reasons" exist under the Sentencing Guidelines as the guidelines are not binding. *See United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021). Nevertheless, the circumstances identified in § 1B1.13 of the guidelines relating to age, health, family circumstances and other matters, inform the district court's decision whether conditions affecting a particular defendant may be sufficiently extraordinary and compelling to warrant relief under the FSA. *See id.*

A. Exhaustion of Administrative Rights

A defendant may seek compassionate relief from a court only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  On May 18, 2023, Defendant filed a request for compassionate release based on family circumstances and lack of rehabilitative resources at FCI Waseca. (Defendant's Motion for Sentence Reduction ("Def. Mot."), ECF No. 151 at 9.)  The BOP denied Defendant's request on July 5, 2023.  (Government's Opposition to Defendant's Motion ("Govt. Opp'n"), ECF No. 157, at 3.)  Because Defendant has exhausted her administrative rights with the BOP, the Court may address the subject motion.

      B. <u>Extraordinary and Compelling Reasons</u>

Defendant contends two extraordinary and compelling reasons exist which merit a sentence reduction: family circumstances, and lack of rehabilitative resources at FCI Waseca.

         i.   *Family Circumstances*

A court may consider family circumstances, including "[t]he death or incapacitation of the caregiver of defendant's minor child or minor children[,]" as an extraordinary and compelling reason warranting sentence reduction.  U.S.S.G. § 1B1.13, cmt. n.1(C)(i). Defendant asserts her maternal grandmother, Maria De La Luz Paez ("Ms. Paez"), is the primary caregiver for her two minor children.  Defendant states Ms. Paez has kidney failure, is on dialysis, and is no longer able to care for her two minor children.  Defendant's mother, Laura Standal ("Ms. Standal"), wrote a letter in support of Defendant's motion. (*See* Def. Mot. at 122.)  Ms. Standal states Ms. Paez is seventy-one (71) years old, on dialysis, and generally weaker and unable to do activities she used to do.  Ms. Standal states that there are no other family members available to care for Defendant's minor children. Ms. Standal's adult daughter (Defendant's sister) is in school full-time and is raising a child of her own.  Further, Ms. Standal provides care to her own ten-year-old son who has autism and needs full-time attention.  Thus, Ms. Standal feels neither she nor Ms. Paez is able to properly care for Defendant's children under the circumstances.

The Court is sympathetic to Ms. Paez's serious medical condition and the difficulties Defendant's family faces due to Defendant's absence. However, as the government notes, it is not clear that Ms. Paez is "incapacitated" and that other family members cannot fill any gaps in childcare coverage that Ms. Paez may leave. Courts in this District have reached the same conclusion when presented with similar circumstances. *See, e.g.*, *United States v. Moalin*, 10-cr-4246-JM (S.D. Cal. Aug. 4, 2021) (ECF No. 553); *United States v. Jordan*, No. 18-cr-4496-GPC (S.D. Cal. Nov. 5, 2020) (ECF No. 45); *United States v. Crawford*, No. 19-cr-2283-WQH (S.D. Cal. Feb. 16, 2021) (ECF No. 48).

The Presentence Report ("PSR"), issued on November 9, 2021, indicates Ms. Standal is the "caretaker for her son who has mild autism and the defendant's grandmother, Maria Paez (age 70), who is under dialysis." (PSR ¶ 50, ECF No. 93.) Thus, it appears Ms. Paez was suffering kidney failure and on dialysis prior to Defendant's sentencing. The medical records Defendant submitted from October 2022 substantiate that Ms. Paez has kidney failure and requires dialysis, but the records provide no additional insight into whether she is incapacitated. (*See* Def. Mot. at 124–146.) Similarly, the letter submitted by Dr. John Hammes in support of Defendant's Motion fails to address this issue. (*See* ECF No. 156.) Thus, on the present record, the Court declines to conclude Ms. Paez is incapacitated under U.S.S.G. § 1B1.13, cmt. n.1(C)(i).

Further, even if Defendant demonstrated Ms. Paez's incapacitation, the record reflects there may be other available family caregivers for Defendant's children. Defendant is required "to make a robust evidentiary showing that [she] is the only available caregiver." *United States v. Bragg*, No. 12-cr-3617-CAB (S.D. Cal. Feb. 19, 2021) (ECF No. 90). Defendant has an adult sister who lives in San Diego County, works in a hospital, and is a single mother. (PSR ¶ 51; *see also* Def.'s Sentencing Mem. at 2, ECF No. 135.) Defendant asserts that her sister cannot care for Defendant's children due to her sister's own commitments and responsibilities. (Def.'s Reply at 2, ECF No. 158.) However, it appears Defendant's family members can collectively care for Defendant's children. Although the Court recognizes the hardship Defendant and her family face, Defendant has

failed to show that Ms. Paez is incapacitated or that Defendant is the only available caretaker for her minor children.

          ii.    *Rehabilitative Resources*

Defendant also contends there is a "lack of rehabilitation due to the effect of the pandemic on the provision of services" offered by the BOP. (Def.'s Mot. at 2.) In support, Defendant cites to a report on FCI Waseca issued May 10, 2023, by the Department of Justice Office of the Inspector General ("Report"). (*Id.* at 10–49.) Relevant here, the Report found significant staffing shortages at FCI Waseca that impact the availability of programming to certain inmates. (*Id.* at 39, 43.)

Courts lack authority to compel the BOP to place defendants in particular programs, *Downey v. Crabtree*, 100 F.3d 662, 670 (9th Cir. 1996), as the BOP is afforded "broad discretion" in managing its facilities and inmates. *Id.* Officials at FCI Waseca, therefore, have discretion to use limited staffing resources to best serve their inmate population.

Defendant further argues that the reduced availability of rehabilitative programs at FCI Waseca has resulted in an unwarranted "sentencing disparity" and "is more than what was intended to punish [her] for her crime." (Def.'s Mot. at 2.) But reduced programming at a BOP facility does not constitute a sentencing disparity under the law. *See United States v. Chen*, 48 F.4th 1092, 1093 (9th Cir. 2022) (explaining non-retroactive changes in sentencing laws resulting in lower sentences than previously prescribed may be considered an extraordinary and compelling reason). While it is unfortunate that FCI Waseca is short-staffed and currently offers only a limited number of programs to its inmates, this is not unique to Defendant, and is not an extraordinary and compelling reason warranting early release.

    C.  § 3553 Factors

In determining whether to grant a sentence reduction, the Court must also consider "the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). When this Court originally sentenced Defendant, it carefully considered the § 3553(a) factors, and it does so again on the present motion.

Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." *Id.* § 3553(a)(2)(A)–(D). The sentencing court also must consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* §§ 3553(a)(1), (6). In addition, courts take into consideration post-sentencing rehabilitation. *Pepper v. United States*, 562 U.S. 476, 490 (2011); *Lizarraras-Chacon*, 14 F.4th 961, 967 (9th Cir. 2021).

The government contends the § 3553 factors counsel against early release. The Court agrees. Defendant is young—26 years old—yet already has two prior state felony drug trafficking convictions and multiple probation violations, in addition to her current federal conviction. (*See generally* PSR.) Defendant was convicted in the present case for distributing methamphetamine, a dangerous controlled substance, which puts the community at risk. The sentence originally imposed by the Court reflects the seriousness of the crime, promotes respect for law, provides just punishment, deters criminal conduct, and protects the public from further crimes. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). For a repeat drug offender, the sentence imposed on Defendant was sufficient but not greater than necessary.[1] On balance, the § 3553 factors weigh against early release and support the Court's underlying sentence. Defendant's family circumstances and challenges in

---

[1] While Defendant did not provide any information regarding post-sentencing rehabilitation, the government notes Defendant is currently on the waitlist for the Residential Drug Abuse Program ("RDAP") and other BOP programming. (*See* Govt. Opp'n at 15.) If Defendant is placed in RDAP, it will afford her the best opportunity to rehabilitate.

obtaining BOP programming are unfortunate, but they are not sufficient under the § 3553(a) factors to warrant a sentence reduction.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion is denied.

**IT IS SO ORDERED.**

Dated: September 15, 2023

_____
Hon. Dana M. Sabraw, Chief Judge
United States District Court